AO 245B  (Rev 06/05)  Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.

ERIC A. BELL

**SECOND AMENDED JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER:  8:11-cr-505-T-30MAP
USM NUMBER:   10631-017

Defendant's Attorney: Tim Bower Rodriguez, ret.

THE DEFENDANT:

 X_ pleaded guilty to count(s) TWO, FIVE, EIGHT, and ELEVEN of the Indictment
 _ pleaded nolo contendere to count(s) which was accepted by the court.
 _ was found guilty on count(s)  after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNTS |
|---|---|---|---|
| 18 U.S.C. § 1591(a)(1) and (b)(2) | Sex Trafficking of Minors | January 2012 | Two |
| 18 U.S.C. § 1591(a)(1) and (b)(2) | Sex Trafficking of Minors | December 2009 | Five |
| 18 U.S.C. § 1591(a)(1) and (b)(2) | Sex Trafficking of Minors | July 2012 | Eight |
| 18 U.S.C. § 1591(a)(1) and (b)(2) | Sex Trafficking of Minors | July 2012 | Eleven |

        The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

 _ The defendant has been found not guilty on count(s)
 X_ Counts ONE, THREE, FOUR, SIX, SEVEN, NINE, TEN, and TWELVE of the Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: September 17, 2012

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: October 4, 2012

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant:     ERIC A. BELL | Judgment - Page  2  of  6 |
| Case No.:      8:11-cr-505-T-30MAP | |

## IMPRISONMENT

After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of THREE HUNDRED and SIXTY (360) MONTHS.  This term consists of THREE HUNDRED and SIXTY (360) MONTHS on each of Counts Two, Five, Eight, and Eleven of the Indictment, all such terms to run concurrently.

__ The court makes the following recommendations to the Bureau of Prisons:

 X  The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district.

      __ at __ a.m./p.m. on ___.
      __ as notified by the United States Marshal.

__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

      __ before 2 p.m. on ___.
      __ as notified by the United States Marshal.
      __ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

    Defendant delivered on _____ to _____
__ at _____, with a certified copy of this judgment.

                    _____
                    United States Marshal

          By:_____
                    Deputy United States Marshal

AO 245B (Rev. 09/11) Sheet 3 - Supervised Release (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant:    ERIC A. BELL | Judgment - Page _3_ of _6_ |
| Case No.:    8:11-cr-505-T-30MAP | |

## SUPERVISED RELEASE

     **Upon release from imprisonment, the defendant shall be on supervised release for a term of FIFTEEN (15) YEARS.  This term consists of FIFTEEN (15) YEARS as to Counts Two, Five, Eight, and Eleven of the Indictment, all such terms to run concurrently.**

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

_X_     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

_X_     The defendant shall cooperate in the collection of DNA as directed by the probation officer.

_X_     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer.

     If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## <u>STANDARD CONDITIONS OF SUPERVISION</u>

1)      the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)      the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)      the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)      the defendant shall support his or her dependents and meet other family responsibilities;

5)      the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)      the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)      the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)      the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)      the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)      the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)      the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)      the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)      as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | ERIC A. BELL | Judgment - Page _4_ of _6_ |
| Case No.: | 8:11-cr-505-T-30MAP | |

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

 X   Defendant shall participate in a substance abuse treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive.  Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services.  During and upon completion of a drug or alcohol dependency treatment program the defendant is directed to submit to testing to random drug testing.

X   Defendant shall participate as directed in a mental health program specializing in sexual offender treatment and submit to polygraph testing for treatment and monitoring purposes.  The defendant shall follow the probation officer's instructions regarding the implementation of this Court directive. Further, the defendant shall contribute to the costs of services for such treatment and/or polygraphs not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

X   The defendant shall register with the state sexual offender registration agency(s) in any state where he resides, visits, is employed, carries on a vocation, or is a student, as directed by his probation officer.

X   The probation officer will provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S. 943.0435) and/or the Sex Offender Registration and Notification Act (Title 1 of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct the defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

X   The defendant shall have no direct contact with minors (under the age of 18)  without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including; schools, daycare centers, theme parks, playgrounds, etc.

X  The defendant is prohibited from possessing, subscribing to, or viewing, any video, magazine, or literature depicting children in the nude and/or in sexually explicit positions.

X  The defendant shall not possess or use a computer with access to any online service at any location (including employment) without written approval  from the probation officer.  This includes access through any internet service provider, bulletin board system, or any public or private computer network system.  The defendant shall permit routine inspection of your computer system, hard drives, and other media storage materials, to confirm adherence to this condition.  This inspection shall be nor more intrusive than is necessary to ensure compliance with this condition.  The defendant shall inform his employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provision of the condition.

X  The defendant shall submit to a search of his person, residence, place of business, any storage units under his control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

X   The mandatory drug testing provisions pursuant to the Violent Crime Control Act are imposed.  The Court authorizes the probation officer to conduct random drug testing not to exceed 104 tests per year.

AO 245B (Rev 06/05) Sheet 5  - Criminal Monetary Penalties (Judgment in a Criminal Case)

| Defendant: | ERIC A. BELL | Judgment - Page _5_ of _6_ |
|---|---|---|
| Case No.: | 8:11-cr-505-T-30MAP | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | __Assessment__ | __Fine__ | __Total Restitution__ |
|---|---|---|---|
| __Totals__: | $400.00 | Waived | N/A |

___   The determination of restitution is deferred until ____.    An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

___   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| __Name of Payee__ | __Total Loss*__ | __Restitution Ordered__ | __Priority or Percentage__ |
|---|---|---|---|
| | | | |
| Totals: | $ | $ | |

___   Restitution amount ordered pursuant to plea agreement  $ _____.

___   The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

___   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

___   the interest requirement is waived for the ___  fine  ___  restitution.

___   the interest requirement for the  ___  fine  ___  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 06/05) Sheet 6 - Schedule of Payments (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant:     ERIC A. BELL | Judgment - Page  6  of  6 |
| Case No.:       8:11-cr-505-T-30MAP | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.      X       Lump sum payment of $ 400.00  due immediately, or

B.      __      Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.      __      Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.      __      Payment in equal _____(e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.      __      Payment during the term of supervised release will commence within _____ (e.g., 30 or  60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.      __      Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__      Joint and Several

        Defendant  and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

__      The defendant shall pay the cost of prosecution.

__      The defendant shall pay the following court cost(s):

 X      The defendant shall forfeit the defendant's interest in the following property to the United States:

        The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets previously identified in the Preliminary Order of Forfeiture, that are subject to forfeiture.  The Court will part of this judgment the Preliminary Order of Forfeiture issued on June 8, 2012.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.